UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES of the LOCAL 7 TILE INDUSTRY
WELFARE FUND, LOCAL 7 TILE INDUSTRY
ANNUITY FUND, TILE LAYERS LOCAL UNION
52 PENSION FUND and BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION FUND,

                    Plaintiffs,

                  - against -

BENNICK CONTRACTING, INC.,

                    Defendant.
---------------------------------------------------------------X

ORDER

07-CV-4992 (ENV) (JO)

VITALIANO, D.J.

On November 30, 2007,[1] Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, Tile Layers Local Union 52 Pension Fund, and Bricklayers & Trowel Trades International Pension Fund (collectively, the "Trustees") filed this action, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(4), 1145 ("ERISA"), and § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, against defendant Bennick Contracting, Inc. ("Bennick"). The crux of plaintiffs' allegations is that defendant failed to make timely required contributions to the various Funds in contravention of a collective bargaining agreement ("CBA"), to which defendant became a signatory on July 2, 2007.

---

1 The complaint was signed on November 27, 2007.

Defendant was served with the complaint on January 15, 2008.[2] After defendant failed to answer or otherwise respond, plaintiffs moved for default judgment in documents filed with the Court on May 15, 2008. On May 16, 2008, the Clerk of the Court entered notation of default against defendant. On November 4, 2008, the Court granted plaintiffs' motion for a default judgment. The matter was subsequently referred to Magistrate Judge James Orenstein to conduct an inquest and prepare an R&R on (1) the amount of damages, if any, to be awarded, and (2) to address plaintiffs' request for injunctive relief.

On January 22, 2010, Magistrate Judge Orenstein issued his R&R recommending that judgment be entered against defendant and that defendant be ordered to provide all outstanding contributions reports to plaintiffs for the period from July 2, 2007 through the date of judgment. Judge Orenstein further recommended that plaintiffs' remaining requests for relief, including their requests for an audit and for the reimbursement of litigation costs and professional fees, be denied. In the alternative, he recommended that litigation costs and attorney's fees in the total amount of $1855.75 be awarded. No objections to the R&R have been timely filed.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

---

2 As noted in the Report and Recommendation ("R&R") of Magistrate Judge James Orenstein, the complaint may not comply with the requirements of Federal Rule of Civil Procedure 4(a)(1)(A), meaning that, under Federal Rules of Civil

The Court adopts the R&R insofar as it declines to award unpaid contributions, interest on any unpaid contributions, and additional liquidated damages to plaintiffs at present. See, e.g., R&R at 12-15. The Court agrees with Judge Orenstein that "[t]he Trustees have not adduced any proof about the actual amount of unpaid damages that Bennick owes, nor are they currently in a position to do so due to Bennick's failure to submit any reports since becoming a signatory to the CBA or to cooperate in an audit." R&R at 12. Consequently, any such awards would be speculative, at best. As the magistrate judge recommended, the Court treats plaintiffs' request for damages as a request for attorney's fees and costs.

Yet, at the same time, Magistrate Judge Orenstein stated, correctly, that plaintiffs' proposed default judgment makes no mention of attorney's fees. He recommended, therefore, that the Court "award no fees to avoid unfair surprise to Bennick." R&R at 15. But, as Judge Orenstein also stated, "ERISA makes an award of reasonable attorneys' fees obligatory, not discretionary." R&R at 15; see also 29 U.S.C. §1132(g)(2); LaBarbera v. Clestra Hauserman Inc., 369 F.3d 224, 226 (2d Cir. 2004). Thus, despite plaintiffs' error, there is no true surprise. The Court finds that an award of reasonable attorney's fees is not only required, but also does not offend an ordered concept of fairness.

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037 (E.D.N.Y. 1993) (citation omitted); accord Masino v. A to E, Inc., No. 07 CV 3462, 2009 U.S. Dist. LEXIS 118529, at *6 (E.D.N.Y. Dec. 21, 2009) (internal quotation marks and citations omitted). Here, Magistrate Judge Orenstein recommended, in the alternative, that, because

---

Procedure 55(c) and 60(b), defendant could ask the Court to set aside any default judgment. See R&R at 3 n.2.

plaintiffs have provided no information as to their counsel's experience—and because that "the inattention to detail reflected in the Trustees' submissions . . . is consistent with a relatively small amount of experience in similar matters," R&R at 16—the appropriate hourly rate for a fee award be $125 an hour for attorneys and $75 for legal assistants. Id. The Court finds these hourly rates to be in keeping with prevailing rates in the Eastern District of New York and commensurate both with the attorneys' and legal assistants' presumed levels of experience and with how much a paying client would be willing to spend to resolve the case effectively. See, e.g., GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, No. 04-CV-5300, 2009 U.S. Dist. LEXIS 91031, at *11-*15 (E.D.N.Y. Sept. 30, 2009).

Judge Orenstein further recommended that the total number of attorney and legal assistant hours claimed by plaintiffs be reduced by 25%. R&R at 19. This is in keeping with the fact that, "[i]n determining the number of hours reasonably expended for purposes of calculating the [presumptive reasonable fee], the district court should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-35, 440 (1983), and that, "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)). Here, plaintiffs' submissions contain both duplicative hours and hours that are excessive, in light of the circumstances of this case. See R&R at 17-18. Thus, the Court adopts the R&R's recommendation that a presumptively reasonable fee of $1505.75 be awarded to

plaintiffs. See, e.g., Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182, 190 (2d Cir. 2007)).

The Court also adopts the R&R's alternative award of litigation costs to plaintiffs in the amount of $350.00, which reflects plaintiffs' filing fee. But, because plaintiffs have failed to meet their burden of demonstrating other litigation costs, see R&R at 19-20, and "without more information with which to judge the reasonableness of such expenditures," C.B. ex rel. W.B. v. N.Y. City Dep't of Educ., No. 02 CV 4620, 2006 U.S. Dist. LEXIS 68649, at *58 (E.D.N.Y. Sept. 25, 2006); cf. Baruch v. Healthcare Receivable Mgmt., No. 05-CV-5392, 2007 U.S. Dist. LEXIS 80429, at *22 (E.D.N.Y. Oct. 30, 2007), the Court declines to award $67.50 for service of process.

Finally, as recommended by Judge Orenstein, the Court grants plaintiffs the injunctive relief sought to the extent that the Court orders that defendant submit the contributions reports required under the CBA, see R&R at 20; if plaintiffs are to determine the amount of unpaid contributions by defendant—and if they are, in the future, to recover a full, statutorily prescribed award, pursuant to 29 U.S.C. §1132(g)(2)—they will need to be in possession of these reports.

After careful review of all the evidence in the record below, the Court adopts the R&R modified by Judge Orenstein's alternative recommendation. For the reasons stated above, the Court enters a default judgment against defendant Bennick Contracting, Inc., and awards plaintiffs $1505.75 in attorney's fees and $350.00 in costs, for a total of $1855.75. Defendant is ordered to provide all outstanding contributions reports to plaintiffs from July 2, 2007 through the date of judgment within 30 days of service upon it of the judgment entered in this action.

The Clerk is directed to enter Judgment in accordance with this opinion and to close this case. Jurisdiction is retained, however, to ensure compliance with the injunctive relief ordered.

SO ORDERED.

DATED: Brooklyn, New York
April 8, 2010

ERIC N. VITALIANO
United States District Judge